UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTINA FELIX, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No.: 1:21-cv-796 |
| NELSON CRUZ & ASSOCIATES LLC; and B.E.S.T. GDR, LLC, *doing business as* Liberty Handyman Services, | ) ) ) ) | |
| Defendants. | ) ) | |

## COMPLAINT

Plaintiff, CHRISTINA FELIX ("Plaintiff"), by and through her attorneys, Agruss Law Firm, LLC, alleges the following against Defendants, NELSON CRUZ & ASSOCIATES LLC and B.E.S.T. GDR, LLC, *doing business as* Liberty Handyman Services ("NCA" and "BEST" respectively and "Defendants" collectively):

## INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA").

2. Count II of Plaintiff's Complaint is based on the Illinois Collection Agency Act, 225 ILCS 425, et seq. ("ICAA") and the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505, *et seq.* ("ICFA").

3. Count III of Plaintiff's Complaint is based on the ICFA.

4. Counts IV and V of Plaintiff's Complaint are based on Slander of Title.

## JURISDICTION AND VENUE

5. This court has jurisdiction under 28 U.S.C. §§ 1331, 1337, 1367, and 15 U.S.C. § 1692k FDCPA.

6. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

7. This court has supplemental jurisdiction over the state claims alleged herein pursuant to 28 U.S.C. § 1367 as they are "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."

8. Venue and personal jurisdiction in this district are proper because Defendants do or transact business within this district, and a material portion of the events at issue occurred in this district.

## PARTIES

5. Plaintiff is a natural person residing in the Village of Hanover Park, DuPage County, State of Illinois.

6. Plaintiff is a consumer as that term is defined by 15 U.S.C. § 1692a(3).

7. Plaintiff is a debtor as that term is defined by 225 ILCS 425/2.

8. Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. § 1692a(5) and 225 ILCS 425/2.

9. Plaintiff allegedly owes a consumer debt as that term is defined by 225 ILCS 425/2.

10. NCA is a debt collector as that term is defined by 15 U.S.C. § 1692a(6).

11. NCA is a collection agency as that term is defined by 225 ILCS 425/2.

12. NCA is a Texas limited liability company headquartered in the City of Dallas, Dallas County, State of Texas.

13. BEST is an Illinois limited liability company headquartered in the City of Chicago, Cook County, State of Illinois.

14. Defendants' businesses include, but are not limited to, collecting on unpaid, outstanding account balances.

15. When an unpaid, outstanding account is placed with Defendants it is assigned a file number.

16. The principal purpose of Defendants' businesses is the collection of debts allegedly owed to third parties.

17. NCA regularly collects, or attempt to collect, debts allegedly owed to third parties.

18. During the course of its attempts to collect debts allegedly owed to third parties, NCA sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiate contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

19. Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

20. Defendants are attempting to collect a consumer debt from Plaintiff, allegedly arising from household repairs/improvements.

21. Plaintiff's alleged debt owed arises from transactions for personal, family, and household purposes.

22. Within in the last year, Defendants attempted to collect a consumer debt from Plaintiff.

23. In October 2020, Plaintiff contracted with BEST to perform household repairs/improvements for Plaintiff.

24. Plaintiff prepaid BEST $2,149.00 in exchange for BEST's promise to perform the agreed-upon household repairs/improvements for Plaintiff.

25. BEST failed to perform the agreed-upon household repairs/improvements for Plaintiff.

26. Instead, BEST engaged in disastrous, ham-handed attempts at simple household repairs/improvements that left Plaintiff's home in worse condition than before BEST had touched it.

27. The work performed by BEST did not enhanced the value of Plaintiff's real property.

28. Plaintiff had to engage a third-party to repair the damage to her home caused by BEST.

29. Plaintiff disputed the $2,149.00 payment to BEST with Plaintiff's bank because of BEST's foregoing acts and omissions.

30. Plaintiff's bank refunded the $2,149.00 to Plaintiff after it completed its investigation.

31. In or around December 2020, BEST engaged NCA to collect the alleged debt.

32. Defendants were now inexplicably attempting to collect $3,264.93 from Plaintiff.

33. NCA calls Plaintiff in an attempt to collect the alleged debt.

34. NCA calls Plaintiff on Plaintiff's cellular telephone at 773-441-7085.

35. NCA calls Plaintiff from several telephone numbers, including 630-544-2995, which is one of NCA's telephone numbers.

36. In December 2020, Plaintiff spoke to one of NCA's collectors.

37. During the above-referenced call:

    a. NCA's collector demanded payment from Plaintiff;

    b. Plaintiff disputed owing the alleged debt;

    c. NCA's collector threatened to put a mechanic's lien on Plaintiff's home; and

    d. NCA's collector further threatened that they would send the police out to Plaintiff's home to remove any items BEST installed.

38. On January 21, 2021, despite Plaintiff's dispute of the alleged debt, and BEST failing to perform under its contract with Plaintiff, NCA, on behalf of BEST, recorded an Original Contractor's Claim of Lien ("Contractor's Lien") on Plaintiff's home in Hanover Park, DuPage County, State of Illinois with the DuPage County Recorder's office. (A true-and-correct copy of the Contractor's Lien is attached hereto as Exhibit A).

39. Defendants unlawfully clouded the title of Plaintiff's home with the recording of the Contractor's Lien.

40. Defendants' above-referenced actions were an attempt to coerce Plaintiff into payment of the alleged debt.

41. The natural consequences of Defendants' actions were to unjustly condemn and vilify Plaintiff for her non-payment of the alleged debt.

42. The natural consequences of Defendants' statements and actions was to produce an unpleasant and/or hostile situation between Defendants and Plaintiff.

43. The natural consequences of Defendants' actions were to cause Plaintiff mental distress.

44. Plaintiff has suffered actual damages as result of Defendants' conduct.

45. Defendants' above-referenced conduct further affected Plaintiff in a personal and individualized way by causing Plaintiff to experience anger, stress, worry, frustration, embarrassment, and emotional distress.

## COUNT I
## NELSON CRUZ & ASSOCIATES LLC VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

46. NCA violated the FDCPA based on the following:

   a. NCA violated § 1692d of the FDCPA by engaging in conduct that the natural consequences of which was to harass, oppress, and abuse Plaintiff in connection with the collection of an alleged debt when NCA engaged in, at least, all of the harassing misconduct alleged above, including when NCA's collector threatened that NCA would send the police out to Plaintiff's home to remove any items BEST installed;

   b. NCA violated § 1692d(2) of the FDCPA by the use of language the natural consequence of which is to abuse the hearer when NCA's collector threatened that NCA would send the police out to Plaintiff's home to remove any items BEST installed;

   c. NCA violated § 1692e of the FDCPA by its use of any false, deceptive, or misleading representation or means in connection with the collection of any debt when NCA engaged in, at least, the following discrete violations of § 1692e;

   d. NCA violated § 1692e(1) of the FDCPA by its false representation or implication that the debt collector is vouched for, bonded by, or affiliated with the United States or any State when NCA's collector threatened that NCA would send the police out to Plaintiff's home to remove any items BEST installed;

e. NCA violated § 1692e(2)(A) of the FDCPA by its false representation of the character, amount, or legal status of any debt when NCA's collector made empty threats to Plaintiff regarding legal action against Plaintiff, including that NCA would send the police out to Plaintiff's home to remove any items BEST installed;

f. NCA violated § 1692e(4) of the FDCPA by its representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person or seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action when NCA's collector made empty threats to Plaintiff regarding legal action against Plaintiff, including that NCA would send the police out to Plaintiff's home to remove any items BEST installed;

g. NCA violated § 1692e(5) of the FDCPA by its threat to take any action that cannot legally be taken or that is not intended to be taken when NCA's collector made empty threats to Plaintiff regarding legal action against Plaintiff, including that NCA would send the police out to Plaintiff's home to remove any items BEST installed;

h. NCA violated § 1692e(7) of the FDCPA by its false representation or implication that the consumer committed any crime or other conduct in order to disgrace the consumer when NCA's collector made empty threats to Plaintiff regarding legal action against Plaintiff, including that NCA would send the police out to Plaintiff's home to remove any items BEST installed;

i. NCA violated § 1692e(10) of the FDCPA by its use of any false, deceptive, or misleading representation or means in connection with the collection of any debt when

7

    NCA engaged in, at least, the other discrete violations of § 1692e alleged herein;

j. NCA violated § 1692f of the FDCPA by its use of unfair or unconscionable means to collect or attempt to collect any debt when NCA engaged in all of the misconduct alleged herein;

k. NCA violated § 1692f(1) of the FDCPA by its attempted collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law;

l. NCA violated § 1692g(a)(3) of the FDCPA by ignoring Plaintiff's oral dispute of the validity of the alleged debt and continuing to assume the validity of the alleged debt when NCA's collector made empty threats of legal action against Plaintiff—and recording a Contractor's Lien on Plaintiff's home;

m. NCA violated § 1692g(b) of the FDCPA by engaging in collection activities that overshadowed or was inconsistent with the disclosure of the consumer's right to dispute the debt when NCA's collector made empty threats of legal action against Plaintiff—and recording a Contractor's Lien on Plaintiff's home.

WHEREFORE, Plaintiff, CHRISTINA FELIX, respectfully requests judgment be entered against, Defendant, NELSON CRUZ & ASSOCIATES LLC, both jointly and severally, for the following:

a. Actual damages, pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k, to be determined at trial;

b. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15

U.S.C. § 1692k;

c. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k; and

d. Any other relief that this Honorable Court deems appropriate.

## COUNT II:
## NELSON CRUZ & ASSOCIATES LLC VIOLATED THE
## ILLINOIS COLLECTION AGENCY ACT

47. Plaintiff repeats and realleges paragraphs 1-46 of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

48. NCA violated the ICAA based on the following:

a. NCA knowingly violated 225 ILCS 425/9(a)(15) of the ICAA by threatening to instigate an arrest or criminal prosecution where no basis for a criminal complaint lawfully exists;

b. NCA knowingly violated 225 ILCS 425/9(a)(16) of the ICAA by threatening the seizure, attachment or sale of a debtor's property where such action can only be taken pursuant to court order without disclosing that prior court proceedings are required;

c. NCA violated 225 ILCS 425/9(a)(20) of the ICAA by the use of abusive language when NCA's collector threatened that NCA would send the police out to Plaintiff's home to remove any items BEST installed;

d. NCA knowingly violated 225 ILCS 425/9(a)(24) of the ICAA by attempting or threatening to enforce a right or remedy with knowledge or reason to know that the right or remedy does not exist;

e. NCA knowingly violated 225 ILCS 425/9(a)(33) of the ICAA by collecting or attempting to collect any interest or other charge or fee in excess of the actual debt

   unless such interest or other charge or fee is expressly authorized by the agreement creating the debt unless expressly authorized by law or unless in a commercial transaction such interest or other charge or fee is expressly authorized in a subsequent agreement. If a contingency or hourly fee arrangement (i) is established under an agreement between a collection agency and a creditor to collect a debt and (ii) is paid by a debtor pursuant to a contract between the debtor and the creditor, then that fee arrangement does not violate this Section unless the fee is unreasonable. The Department shall determine what constitutes a reasonable collection fee; and

 f. NCA knowingly violated 225 ILCS 425/9(a)(35) of the ICAA by engaging in dishonorable, unethical, or unprofessional conduct of a character likely to deceive, defraud, or harm the public when NCA engaged in all of the foregoing misconduct.

49. The foregoing are unlawful practices. 225 ILCS 425/9(b).

50. The ICAA may be enforced through the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"). 225 ILCS 425/9.7.

51. Debt collection practices are embraced by the ICFA. *Thrasher-Lyon v. Illinois Farmers Ins. Co.*, 861 F. Supp. 2d 898, 909 (N.D. Ill. 2012).

52. The ICAA provides a private right of action for damages. *McLaughlin v. LVNV Funding, LLC*, 971 F. Supp. 2d 796, 800 (N.D. Ill. 2013).

53. NCA also unlawfully clouded the title of Plaintiff's home in violation 720 ILCS 5/32-13, a Class A Misdemeanor.

54. Pursuant to 720 ILCS 5/32-13(a):

  Any person who intentionally records or files or causes to be recorded or filed any document in the office of the recorder or registrar of titles of any

>county of this State that is a cloud on the title of land in this State, knowing that the theory upon which the purported cloud on title is based is not recognized as a legitimate legal theory by the courts of this State or of the United States, commits the offense of unlawful clouding of title.

55. NCA's recording of the Contractor's Lien violates 720 ILCS 5/32-13(a).

56. The first violation of 720 ILCS 5/32-13(a) is a Class A misdemeanor.

WHEREFORE, Plaintiff, CHRISTINA FELIX, respectfully requests judgment be entered against Defendant, NELSON CRUZ & ASSOCIATES LLC, both jointly and severally, for the following:

   a. Actual damages, pursuant to 815 ILCS 505/10a of the ICFA, to be determined at trial;

   b. Costs and reasonable attorneys' fees pursuant to 815 ILCS 505/10a of the ICFA; and

   c. Any other relief that this Honorable Court deems appropriate.

## COUNT III
## B.E.S.T. GDR, LLC, *doing business as* Liberty Handyman Services VIOLATED THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE PRACTICES ACT

57. Plaintiff repeats and re-alleges paragraphs 1-45 of Plaintiff's Complaint as the allegations in Count III of Plaintiff's Complaint.

58. BEST's above-referenced actions and/or omissions are unfair or deceptive acts or practices as contemplated by 815 ILCS 505/2 and therefore violate the ICFA.

59. BEST also unlawfully clouded the title of Plaintiff's home in violation 720 ILCS 5/32-13, a Class A Misdemeanor.

60. Pursuant to 720 ILCS 5/32-13(a):

>Any person who intentionally records or files or causes to be recorded or

       filed any document in the office of the recorder or registrar of titles of any county of this State that is a cloud on the title of land in this State, knowing that the theory upon which the purported cloud on title is based is not recognized as a legitimate legal theory by the courts of this State or of the United States, commits the offense of unlawful clouding of title.

61. NCA's recording of the Contractor's Lien violates 720 ILCS 5/32-13(a).

62. BEST authorized the filing of the Contractor's Lien.

63. The first violation of 720 ILCS 5/32-13(a) is a Class A misdemeanor.

64. BEST had the duty to monitor the activities of NCA.

65. BEST is vicariously liable for NCA's violations of the ICFA.

WHEREFORE, Plaintiff, CHRISTINA FELIX, respectfully requests judgment be entered against Defendant, B.E.S.T. GDR, LLC, *doing business as* Liberty Handyman Services, both jointly and severally, for the following:

    a. Actual damages, pursuant to 815 ILCS 505/10a of the ICFA, to be determined at trial;

    b. Costs and reasonable attorneys' fees pursuant to 815 ILCS 505/10a of the ICFA; and

    c. Any other relief that this Honorable Court deems appropriate.

## COUNT IV
## NELSON CRUZ & ASSOCIATES LLC – SLANDER OF TITLE

66. Plaintiff repeats and re-alleges paragraphs 1-45 of Plaintiff's Complaint as the allegations in Count IV of Plaintiff's Complaint.

67. NCA's recording of the Contractor's Lien was a false and malicious publication.

68. The content of the Contractor's Lien disparaged the title to Plaintiff's home.

69. Plaintiff sustained actual damages as a result of the publication of the Contractor's Lien.

WHEREFORE, Plaintiff, CHRISTINA FELIX, respectfully requests judgment be entered against Defendant, NELSON CRUZ & ASSOCIATES, LLC, both jointly and severally, for the following:

    a. Actual damages to be determined at trial;

    b. Expungement of the Contractor's Lien;

    c. Costs and reasonable attorneys' fees; and

    d. Any other relief that this Honorable Court deems appropriate.

## COUNT V
## B.E.S.T. GDR, LLC, *doing business as Liberty Handyman Services* – SLANDER OF TITLE

70. Plaintiff repeats and re-alleges paragraphs 66-69 of Plaintiff's Complaint as the allegations in Count IV of Plaintiff's Complaint.

71. NCA's recording of the Contractor's Lien was a false and malicious publication.

72. The content of the Contractor's Lien disparaged the title to Plaintiff's home.

73. Plaintiff sustained actual damages as a result of the publication of the Contractor's Lien.

74. BEST authorized the filing of the Contractor's Lien.

75. BEST had the duty to monitor the activities of NCA.

76. BEST is vicariously liable for NCA's slander of title to Plaintiff's home.

WHEREFORE, Plaintiff, CHRISTINA FELIX, respectfully requests judgment be entered against Defendant, NELSON CRUZ & ASSOCIATES, LLC, both jointly and severally, for the following:

    a. Actual damages to be determined at trial;

    b. Expungement of the Contractor's Lien;

    c. Costs and reasonable attorneys' fees; and

     d.  Any other relief that this Honorable Court deems appropriate.

DATED: February 12, 2021                    RESPECTFULLY SUBMITTED,

                                      By: /s/ James J. Parr
                                          James J. Parr
                                          IL State Bar #: 6317921
                                          Agruss Law Firm, LLC
                                          4809 N. Ravenswood Ave., Suite 419
                                          Chicago, IL 60640
                                          Tel: 312-224-4695
                                          Fax: 312-253-4451
                                          james@agrusslawfirm.com
                                          Attorneys for Plaintiff

# **EXHIBIT A**

KATHLEEN V. CARRIER, RECORDE
DUPAGE COUNTY ILLINOIS
01/20/2021 09:11 AM
RHSP

DOCUMENT # R2021-009679

Recording Requested by and
Document Prepared By:
Best GDR LLC In Care Of Nelson Cruz and Associates
9535 Forest Lane Suite 114
Dallas, Texas 75243

Please Return To:
Best GDR LLC In Care Of Nelson Cruz and
Associates:
c/o Mail Center
9450 SW Gemini Dr #7790
Beaverton, Oregon 97008-7105
Reference ID: 4332908

SPACE ABOVE FOR RECORDER'S USE

## ORIGINAL CONTRACTOR'S CLAIM OF LIEN

### In the Office of the Recorder of Deeds County of: DuPage County, State of: Illinois

**Claimant:**
Best GDR LLC In Care Of Nelson Cruz and Associates
9535 Forest Lane Suite 114
Dallas, Texas 75243

**Property Owner:**
Christina Felix
1140 Court A
Hanover Park, Illinois 60133

**PIN:** 02-07-206-076

**Services:** Services, labor, materials, equipment, and/or work provided by the Claimant:

Remodeling

**Amount of Claim:** $3,264.93

**Total Amount of Contract:** 2,149.00

**Contract Type:**

**Date of Contract:** October 09, 2020

**Date Last Furnish of Services:** October 10, 2020

### IMPORTANT INFORMATION ON THE FOLLOWING PAGE



9307110011701054381651

**Property:** Services were furnished in the improvement and/or construction of real property described as follows:
1140 Court A
Hanover Park, Illinois 60133
County: DuPage County
State of: Illinois

**Legally Described As:** UNIT 24 IN LOT 4 IN FIRST ADDITION TO TANGLEWOOD, BEING A SUBDIVISION IN THE NORTHEAST 1/4 OF SECTION 7, TOWNSHIP 40 NORTH, RANGE 10, EAST OF THE THIRD PRINCIPAL MERIDIAN, ACCORDING TO THE PLAT THEREOF RECORDED NOVEMBER 10, 1971 AS DOCUMENT NUMBER R71-58167 AND CERTIFICATE OF CORRECTION FILED NOVEMBER 23, 1971 AS DOCUMENT R71-65482, IN DUPAGE COUNTY, ILLINOIS. PIN: 02-07-206-076

**THE UNDERSIGNED LIEN CLAIMANT**, above-identified as the **Claimant**, hereby files a claim for a **Mechanic's Lien** against the above-identified **Property Owner**, and all other parties having or claiming an interest in the real estate above-identified as the **Property**.

The **Claimant** contracted with the **Property Owner** by entering into the contract above-identified and described as the **Contract**. The contract was such that the **Claimant** would provide the above-described **Services** to the **Property** for the total cost of the contract, above-identified.

The **Claimant** states that it did so provide the above-described **Services**. The **Claimant** last furnished labor and/or materials to the **Property** on the date above-indicated.

After giving the **Property Owner** all just credits, offsets and payments, the balance unpaid, due and owing to the **Claimant** is above-identified as the **Amount of Claim** ($3,264.93 ); for which, with interest, the **Claimant** claims liens on the **Property** and improvements.

State of Louisiana County of Orleans

Signed on: January 19, 2021

On the date indicated below, Lloyd Stallard, authorized and disclosed agent for Best GDR LLC In Care Of Nelson Cruz and Associates, personally came and appeared before me, and voluntarily executed this instrument in the agent's stated capacity. The deponent says that s/he has read the foregoing Claim of Lien and knows the contents thereof, that as the appointed agent for the Claimant the deponent has been provided the information indicated in this notice, and that the same is true upon the deponent's information, knowledge and belief.

Signature: _Lloyd Stallard_
Best GDR LLC In Care Of Nelson Cruz and Associates
Signed by Authorized Agent: Lloyd Stallard

_____
Notary Public
Signed on: January 19, 2021

[Notary Seal: ALEXANDER L BENARROCHE, NOTARY PUBLIC, COMMISSIONED FOR LIFE, NOTARY ID NO. 144341, ORLEANS PARISH, LA]